FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 09 2021

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
P.O. Box 1494
Spokane, Washington 99210-1494
(509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE GERALD DAVIS,<br><br>Defendant. | 2:20-CR-138-TOR<br><br>Pretrial Diversion Agreement |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Richard R. Barker, Assistant United States Attorney, and Defendant JESSE GERALD DAVIS ("Defendant"), both individually and by and through his counsel of record, Andrea George of the Federal Defender's Office, agree to the following Pretrial Diversion Agreement.

### I. Overview

1. It is alleged in an Indictment returned by the Grand Jury on October 21, 2020, in Case Number 2:20-CR-138-TOR that JESSE GERALD DAVIS committed the following offenses:

   a. Count 1: On or about August 9, 2020, in the Eastern District of Washington, within the external boundaries of the Spokane Tribe of Indians Reservation, Defendant JESSE GERALD DAVIS, an Indian, did by force or threat, knowingly engage in sexual contact, to wit:

Davis Pretrial Diversion Agreement - 1

intentionally touching the inner thigh of another person who had attained the age of 12 years but had not attained the age of 16 years and was at least four years younger than Defendant JESSE GERALD DAVIS, all in violation of 18 U.S.C. §§ 1153, 2244(a)(5), 2246(3).

    b. Count 2: On or about August 9, 2020, in the Eastern District of Washington, within the external boundaries of the Spokane Tribe of Indians Reservation, Defendant JESSE GERALD DAVIS, an Indian, did knowingly attempt to cause Minor 1, a child who had attained the age of 12 years but had not attained the age of 16 years and was at least four years younger than Defendant JESSE GERALD DAVIS, to engage in a sexual act, to wit: contact between the vulva of Minor 1 and the penis of Defendant JESSE GERALD DAVIS, all in violation of 18 U.S.C. §§ 1153, 2243(a), 2246(2)(C).

2. On the authority of the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, the Indictment shall be dismissed without prejudice. The decision to prosecute Defendant for the aforementioned violations and other known misconduct shall be deferred for 60 months. This 60-month period begins on the date this Agreement accepted by the Court after it is signed by an Assistant United States Attorney, Defendant, and Defendant's counsel.

3. This Agreement is not intended—and shall not be construed—as a liability admission by the United States or Defendant.

4. The United States and Defendant agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter on 1) whether this Agreement has been breached and, if so, 2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 60-month period by an additional twelve (12) months (for a maximum of 72 months).

Davis Pretrial Diversion Agreement - 2

## II.  Terms

JESSE GERALD DAVIS agrees to the following terms:

1. **Supervision.** Defendant agrees to be supervised by a supervising officer of the United States Probation Office during this 60-month diversion period (or longer, if the period is extended by the Court). Defendant's supervision terms include the following:

    a. Defendant shall not violate any federal, state, or local law (this does not apply to civil infractions such as speeding).

    b. Defendant shall not possess, control and/or consume any controlled substance, which includes marijuana, or items commonly used for the consumption of such substances (drug paraphernalia) without the express permission of his supervising officer.

    c. If Defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, he shall notify his supervising diversion officer within two (2) business days.

    d. Defendant shall report in the manner directed by his supervising officer, to include telephonic and electronic communication, to his supervising officer as directed, and keep him/her informed of his residence location.

    e. Defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from his supervising officer.

    f. Defendant must be truthful when responding to the questions asked by his supervising officer.

    g. Defendant must live at a place approved by his supervising officer. If he plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify his

supervising officer at least 10 days before the change. If notifying his supervising officer in advance is not possible due to unanticipated circumstances, he must notify his supervising officer within 72 hours of becoming aware of a change or expected change.

h. Defendant must allow his supervising officer to visit him at any time at his home or elsewhere, and must permit his supervising officer to take any items prohibited by the conditions of his supervision that he or she observes in plain view.

i. Defendant must report law enforcement contact to his supervising officer within 72 hours.

j. Defendant must not own, possess, or have access to a firearm, ammunition, a destructive device, or a dangerous weapon.

k. Defendant shall have no contact with a child under age 18 without the presence of an adult and advance approval of his supervising officer. He will immediately report any unauthorized contact with minor aged children to his supervising officer. As part of this provision, Defendant shall have no contact with Minor 1 or Minor 1's younger sister.

l. Defendant may not access the Internet without the express advanced permission of his supervising officer.

m. Defendant may not possess an electronic device that has the ability to access the Internet without the express advanced permission of his supervising officer.

n. Defendant shall allow his supervising officer, or designee, to conduct random inspections, including retrieval and copying of data from any computer, or any personal computing device that he possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough

Davis Pretrial Diversion Agreement - 4

inspection. Defendant shall not possess or use any public or private data encryption technique or program.

   o. Defendant shall not reside or loiter within 500 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

   p. Defendant shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. He shall allow reciprocal release of information between his supervising officer and treatment provider. He shall contribute to the cost of treatment according to his ability to pay.

   q. Defendant shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2).

2. **Tolling.** Defendant agrees that all applicable statutes of limitations for the offenses alleged in the Indictment shall be tolled from the date this Agreement is entered onto the Court's docket until the Agreement expires or is terminated by the Court. Defendant agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the time period that the Agreement is in effect.

3. **Speedy Trial.** Defendant acknowledges that he enjoys speedy trial rights under both the Sixth Amendment to the United States Constitution and 18 U.S.C. § 3161. Defendant agrees that he will neither move the Court to dismiss any charges nor assert any defenses based on alleged Constitutional

Davis Pretrial Diversion Agreement - 5

or statutory Speedy Trial violations while prosecution is deferred under this Agreement. Defendant further agrees that if this Agreement is terminated by the Court and the United States seeks another Indictment and resumes prosecuting him for the offenses alleged in the Indictment filed on October 21, 2020, any delays stemming from this Agreement are requested by him, and these delays are reasonable, necessary, and in the interest of justice. *See* 18 U.S.C. § 3161(h)(2).

4. **Breach.** If, after a hearing, the Court terminates the Agreement based on a breach by Defendant, then the United States may resume its prosecution against Defendant for any available charges, to include, but not limited to, the charges set forth in the October 21, 2020 Indictment.

The United States agrees to the following terms:

1. **Inadmissibility of Pretrial Diversion in Prosecution.** If the Court determines that this Agreement has been breached, such that the case resumes being on a "trial track," the United States agrees that neither this Agreement nor any other documents filed as a result of Defendant's participation in a pretrial diversion program shall be used against him in connection with any prosecution based on the offense alleged in the Indictment.

2. **Defer Prosecution.** The United States agrees to defer prosecuting the above-captioned matter for 60 months (or up to 72 months, if the Agreement is extended by the Court). If Defendant completes this Agreement (even if there are modifications or extensions), the United States will not charge Defendant with any offenses stemming from the conduct set forth in the Indictment.

Davis Pretrial Diversion Agreement - 6

Vanessa R. Waldref
United States Attorney

_____  11/9/2021
Richard R. Barker                Date
Assistant United States Attorney

I have read this Diversion Agreement in its entirety and I agree to all parts of it. I understand the conditions of my pre-trial diversion and I agree that I will comply with them. I understand that non-compliance or breach will be addressed as set forth in this Diversion Agreement.

_____  11-09-21
JESSE GERALD DAVIS               Date
Defendant

I have reviewed and discussed every part of this Diversion Agreement with my client. I believe it is in the best interests of my client to enter into this Diversion Agreement.

_____  11-09-2021
Andrea George                    Date
Counsel for JESSE GERALD DAVIS

I approve this Agreement without passing judgment on the merits or wisdom of diversion in this case.

_____  11/9/2021
Thomas O. Rice                   Date
United States District Judge

Davis Pretrial Diversion Agreement - 7